UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x

BURGIS, et al., on their own behalf and     :
on behalf of others similarly situated,     :
                                            :
                              Plaintiffs,   :        13 Civ. 1011 (TPG)
                                            :
           – against –                      :        **OPINION**
                                            :
DEPARTMENT OF SANITATION CITY OF            :
NEW YORK, JOHN J. DOHERTY, and              :
JOHN DOES 1-10,                             :
                                            :
                              Defendants.   :

---------------------------------------------x

Plaintiffs bring this action on their own behalf and on behalf of others similarly situated, against the New York City Department of Sanitation (the "Department"), Commissioner John Doherty, and John Does 1-10 (collectively, "defendants"). Plaintiffs allege that defendants discriminated against applicants for promotion on the basis of race and national origin in violation of the Fourteenth Amendment, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 2000e ("Title VII"), and various state laws. Before the court are plaintiffs' motion to amend the complaint and defendants' motion to dismiss the amended complaint, <u>inter alia</u>, on statute of limitations grounds and in accordance with Fed. R. Civ. P. 12(b)(6).

The court grants plaintiffs' motion to amend the complaint and grants defendants' motion to dismiss the amended complaint. In light of the dismissal

1

of plaintiffs' federal claims, the court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## Procedural History

Plaintiffs filed their original complaint on February 13, 2013, and filed an amended complaint on July 31, 2013. Plaintiffs' original complaint alleges causes of action under the 42 U.S.C. § 1981, § 1985(3), Section 296 of the New York State Human Rights Laws, and Section 8-107of the New York City Human Rights Laws. The first-amended complaint adds claims under Title VII and voluntarily dismisses the claims of John Whitehead, Angel Fuentes, and Don Phillip as time-barred. It also dismisses the § 1985(3) civil rights conspiracy claim. On October 4, 2013, plaintiffs filed a second-amended complaint to clarify certain claims and correct false statements made in the prior complaints. Plaintiffs moved to substitute the complaint filed on October 4, 2013 for the first-amended complaint filed on July 31, 2013, instead of moving to file a second-amended complaint. However, the October complaint is the third complaint filed, so this opinion will refer to it as the second-amended complaint.

## Complaint

This opinion assumes the truth of all facts alleged in the second-amended complaint for the purposes of deciding this motion to dismiss.

The Department is the city agency responsible for garbage and recycling collection, street cleaning, and snow removal. It employs over 7,000 sanitation

workers and superintendents.[1]  The Department has a hierarchical structure through which sanitation workers are promoted to supervisory positions.  An employee begins as a sanitation worker and then may be promoted to Supervisor, General Superintendent Level 1 ("Level 1"), General Superintendent Level 2 ("Level 2"), General Superintendent Level 3 ("Level 3"), and General Superintendent Level 4 ("Level 4").   (Compl. ¶ 21).   Prior to 1979, the Department promoted individuals to General Superintendent Levels 1, 2, and 3 based on civil service examinations.  After 1979, the Department eliminated the examination for Levels 2 and 3.  Since that time, promotion to Levels 2, 3, and 4 have been based on recommendations by superior officers.

Plaintiffs allege that defendants discriminated against Hispanic and African-American sanitation workers who applied for promotion to supervisory and superintendent positions.   The claim is that despite meeting all requirements for promotion, plaintiffs were denied promotions while defendants promoted Caucasian applicants with less experience and inferior evaluations.  (Compl. ¶ 25).  Plaintiffs allege that "[d]efendants' actions were undertaken purposefully and intentionally, and/or in reckless disregard of the rights of Plaintiffs' class."  (Compl. ¶ 13).   Additionally, they contend, the subjective-evaluation component of promotions has led to a culture of discrimination against African Americans and Hispanic.  (Compl. ¶ 27).

---

[1] The Department of Sanitation, New York City,
http://www.nyc.gov/html/dsny/html/about/about.shtml#.Uzlo6YUhKDo (last visited March 31, 2014).

In addition to asserting claims against the Department, plaintiffs assert claims against Commissioner Doherty, individually and in his official capacity and employees who worked in "various assistant, . . .deputy commissioner and human resources offices" in the Department who "collaborated with Defendant Doherty in promotion decisions" (John Does 1-10).  (Compl. ¶ 15).  Plaintiffs allege that Commissioner Doherty "was aware that his supervisory workforce was skewed and did not reflect either the racial or national origin makeup of [the Department's] non-supervisory workforce...Doherty, reflecting his approval of this disparate classification, has taken no action to change it, and has, therefore condoned the discrimination." (Compl. ¶ 13).

In support of their claims, plaintiffs describe several named plaintiffs' employment histories at the Department:

### 1. Andrenia Burgis

Andrenia Burgis is an African-American woman who has been employed at the Department since 1998.  After passing the requisite civil service examinations, Burgis was promoted to Supervisor in 2003 and to Level 1 in 2007.  In 2009, Burgis obtained the prerequisites needed to be appointed to Level 2—a promotion that requires a supervisor's recommendation—but, instead, she was demoted and replaced by a Caucasian male under her command.  She received "another command" in 2012.  The complaint alleges that the "discrimination against Burgis continued during the four years immediately preceding this Complaint, during which time [Caucasian]

4

employees, who were less qualified, [were] promoted to positions that she wished to be promoted to." (Compl. ¶ 30(a)).

On June 9, 2013, Burgis obtained a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 2). The Right to Sue letter was based on a complaint alleging that defendants intentionally discriminated against her based on her race.

### 2. Christopher Burgos

Christopher Burgos is a Hispanic man who has been employed at the Department since 2000. He took the civil service exam for Level 1 and currently remains on the list for promotion. (Compl. ¶ 30(b)).

The EEOC issued a Right to Sue letter to Burgos on June 9, 2013 based on his complaint against the Department for intentional discrimination. (Compl. ¶ 2).

### 3. Leticia Smith

Leticia Smith is a Hispanic woman. She began working at the Department in 1995, and after passing the requisite civil service examinations, she was promoted to Supervisor and Level 1 in 2001 and 2007, respectively. The Department has promoted several Caucasian women to Level 2 instead of Smith during the four years prior to the filing of the complaint. (Compl. ¶ 30(c)).

### 4. Samuel Duncan

Samuel Duncan is of African-American and Hispanic descent.  He began working at the Department in 2001.  In 2008, the Department promoted Duncan to Supervisor but demoted him three days before the end of his probationary period because of complaints received during that period.  Several Caucasian Supervisors received similar complaints during their probationary periods, but they were not demoted.  The discrimination against Duncan continued in the four years prior to the filing of the complaint because Caucasian employees were promoted to positions that he desired to fill. (Compl. ¶ 30(d)).

### 5. Alonzo Hudgins

Alonzo Hudgins, an African-American man, began working at the Department in 1995.  In 2001, he was promoted to Supervisor and was later promoted to Level 1.  In the four years preceding the complaint, Duncan was not promoted while Caucasian men were promoted to Level 2.  (Compl. ¶ 30(e)).

### 6. Rashid Smith

Rashid Smith is an African-American man.  He started at the Department in 1995 and was promoted to Supervisor in 2000 and to Level 1 in 2011.  His supervisors have never recommended him for promotion to Level 2, including during the four years prior to the filing of the complaint, despite the Department's promotion of Caucasian employees who were less qualified. (Compl. ¶ 30(f)).

6

**7. Doren Pink**

Doren Pink, a man of African-American descent, began working at the Department in 1999. After passing the civil service examination, he was promoted to Supervisor in 2004. He has never been promoted to Level 2, despite having passed the most recent examination and despite the promotion of less-qualified Caucasian employees. (Compl. ¶ 30(g)).

**8. Anthony Joseph**

Anthony Joseph, an African-American man, has been working at the Department since 1989. He was promoted to Supervisor after passing the civil service examination, but has never been promoted to Level 1 even though he passed the requisite examination. (Compl. ¶ 30(h)).

**9. Israel Dejesus**

Israel Dejesus, a Hispanic man, began working at the Department in 1995. He was made Supervisor in 2005 and Level 1 in 2008. His supervisors recommended Caucasian men for promotion to Level 2, despite Dejesus' superior qualifications. (Compl. ¶ 30(i)).

The motion to dismiss contends that: (1) many of plaintiffs' claims are barred by the statute of limitations; (2) plaintiffs have not pleaded the necessary elements of a prima facie case, as required by Fed. R. Civ. P. 12(b)(6); (3) the Department is not a suable entity; (4) plaintiffs fail to allege facts suggesting a municipal custom or policy caused the alleged violations; (5) plaintiffs do not plead facts suggesting Commissioner Doherty had any

personal involvement in the alleged actions; and (6) several statements made in the complaint should be struck as patently false under Fed. R. Civ. P. 12(f).

**Discussion**

### A. Statute of Limitations

The statute of limitations for a § 1983 case is three years.  <u>Baroor v. New York City Dep't of Educ.</u>, 362 F. App'x 157, 160 (2d Cir. 2010).  Although § 1981 does not contain a statute of limitations, the Supreme Court has held that the four-year federal "catch-all" statute of limitations applies.  <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369, 382 (2004) (holding that if "a cause of action aris[es] under an Act of Congress enacted after December 1, 1990—[it is] therefore is governed by § 1658's 4–year statute of limitations."

Plaintiffs' claims, as asserted in the second-amended complaint, are not barred the applicable statutes of limitations.  Plaintiffs assert that the discrimination against them has continued through the four years prior to the filing of the complaint because defendants continued to deny plaintiffs promotions in favor of Caucasian applicants.

Moreover, although many plaintiffs became *eligible* for promotion on dates more than four-years prior, that does not mean that they were denied promotion based on their race or national origin beginning on the date of eligibility.  There are many administrative reasons why plaintiffs may not have been promoted on the dates they became eligible; for example, there may not have been any open supervisory positions.

Given the facts alleged in the second-amended complaint, the court declines to dismiss the complaint on statute of limitations grounds.

**B. Motion to Dismiss**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   To establish a facially plausible case, a plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.  In deciding a motion to dismiss, the court accepts as true all well-pleaded allegations contained in the complaint and draws all reasonable inferences in favor of the plaintiff.  See Twombly, 550 U.S. at 555-56.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

The court may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." Rothman v. Gregor, 220 F.3d 81, 88–89 (2d Cir. 2000).  When documents relied upon in the complaint contradict allegations made in the complaint, the court cannot accept as true the contradictory allegations in deciding a motion to dismiss—the court must rely on the documents. Schwartzbaum v. Emigrant Mortgage Co., 09 Civ. 3848 (SRC), 2010 WL 2484116, at * 3 (S.D.N.Y. June 16, 2010).

**C. Claims Against the Department of Sanitation**

Plaintiffs assert a § 1983 claim against the Department.  However, the Department is not a suable entity because the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396.  Therefore, the claims against the Department must be dismissed for failing to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Morris v. Katz, No. 11 Civ. 3556 (JG), 2011 WL 3918965, at *6 (E.D.N.Y. Sept. 4, 2011).

However, the court construes the claims against the Department as claims against the City.

**D. Equal Protection Claims Brought Under 42 U.S.C. §§ 1983 and 1981**

Plaintiffs bring claims under § 1983 and § 1981, alleging that defendants discriminated against them on the basis of their race and national origin in violation of the Fourteenth Amendment's Equal Protection Clause.

To state a claim against a municipality or an official in his official capacity under § 1983, a plaintiff must allege that there was: (1) an official policy, custom, or practice; (2) the policy, custom, or practice inflicted the injury suffered by the plaintiff; and (3) the injuries constitute a violation of plaintiff's constitutional rights.  Monell v. Dep't of Soc. Servs. of City of New

York, 436 U.S. 658, 691-694 (1978); Bowen v. Cnty. of Westchester, 706 F. Supp. 2d 475, 484 (S.D.N.Y. 2010).

42 U.S.C. § 1981 states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

To state a claim under Section 1981, a plaintiff must allege that (1) plaintiff is a member of a racial minority; (2) defendant intended to discriminate on the basis of race; and (3) the discrimination concerned the rights to "make and enforce contracts, to sue, be parties, give evidence, and the full and equal benefits of all laws and equal benefit of all laws and proceedings for the security of persons and property." Keitt v. New York City, 882 F. Supp. 2d 412, 423 (S.D.N.Y. 2011).

This means that to plead a cause of action under either § 1983 or § 1981, a plaintiff must plead disparate treatment—not disparate impact. Bailey v. City of New York, No. 98 Civ. 1812 (LBS), 2003 WL 21031972 (S.D.N.Y. May 2, 2003).  A valid Equal Protection claim "require[s] proof of intentional discrimination."  Id.; Reynolds v. Barrett, 685 F.3d 193, 201 (2d Cir. 2012) ("a plaintiff pursuing a claimed violation of § 1981 or a denial of

equal protection under § 1983 must show that the discrimination was intentional.").

Additionally, under <u>Monell</u> and its progeny, a municipality may not held liable under § 1983 on a theory of *respondeat superior.* <u>Guerrero v. City of New York</u>, No. 12 Civ. 2916 (RWS), 2013 WL 673872, at *2 (S.D.N.Y. Feb. 25, 2013). Accordingly, "the plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries. . . .Second, the plaintiff must establish a casual connection—an affirmative link—between the policy and deprivation of his constitutional rights." <u>Id</u>. Merely asserting that a municipality has such a custom or policy is "insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." <u>Id</u>.; <u>Za hra v. Town of Southold</u>, 48 F.2d 674, 685 (2d Cir.1995); <u>see also</u> <u>Brodeur v. City of New York</u>, No. 99 Civ. 651 (WHP), 2002 WL 424688, at *6 (S.D.N.Y. Mar. 18, 2002).

Plaintiffs include no facts to support their conclusory allegation that the Department's failure to promote them was the product of intentional discrimination.    Although defendants describe several individual plaintiffs' promotional histories at the Department, plaintiffs plead only one sentence alleging that defendants *intentionally* discriminated against plaintiffs.    (See Compl.  ¶ 13) ("Defendants' actions were undertaken purposefully and intentionally, and/or in reckless disregard of the rights of Plaintiffs' class."). Courts have repeatedly held that bald assertions that minority employees

12

received different treatment is not sufficient to establish a prime facie case of discriminatory intent.  See e.g., Yusuf v. Vassar Coll., 35 F.3d 709, 712–14 (2d Cir.1994); Manolov v. Borough of Manhattan Cmty. Coll., 952 F. Supp. 2d 522, 527 (S.D.N.Y. 2013).    For example, in Forde v. Empire State College, the court stated: "[t]hat type of reasoning—(1) I am a member of a protected class; (2) something bad happened to me. . .; (3) therefore, I was discriminated against based upon my status as a member of a protected class—is more than a legal conclusion which this Court is not required to credit: it is a logically-flawed statement."  No. 10 Civ.  9446 (CM), 2011 WL 4376499, *3 (S.D.N.Y. Sept. 19, 2011); see also Tatta v. Wright, 616 F. Supp. 2d 308, 319 (N.D.N.Y.2007); Albert v. Carovano, 851 F.2d 561, 572 (2d Cir. 1988).

Even if the court found that plaintiffs adequately pleaded discriminatory intent, plaintiffs' § 1983 claim against the City and Commissioner Doherty fails because plaintiffs fail to plead with particularity an official policy, custom, or practice.  See Bowen, 706 F. Supp. 2d at 484.  Plaintiffs do not even explicitly describe the discriminatory practice on which their complaint is based.  Even if the court construes the one sentence allegation that the subjective-evaluation component of promotions has led to a culture of discrimination, as the discriminatory police at issue, this allegation falls far short of alleging a custom, policy, or practice.  Triano v. Town of Harrison, NY, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012).    Courts have repeatedly held that including boilerplate language alleging the existence of a policy, without factual

allegations to support it, is not enough at the pleading stage.   See e.g., Guerrero, 2013 WL 673872, at *2; Za hra, 48 F.2d at 685; Brodeur, 2002 WL 424688, at *6.

Moreover, plaintiffs' allegation that Doherty "was aware that his supervisory workforce was skewed and did not reflect either the racial or national origin makeup of [the Department's] non-supervisory workforce" is not sufficient to create an inference of discrimination.  The conclusory statement that Doherty knew of and condoned the discrimination, without more, is not sufficient.   Plaintiffs do not even allege that Doherty knew that his subordinates were intentionally discriminating or even that any employee had brought the promotional rates to his attention.  Furthermore, plaintiffs do not assert that Doherty had the policymaking authority to eliminate the recommendation-component promotions.

Accordingly, plaintiffs' Equal Protection claims brought pursuant to § 1983 and § 1981 are dismissed.

**E. Title VII**

In the second-amended complaint, plaintiffs also assert claims under Title VII.

Unlike § 1981, Title VII is a proper vehicle for bringing disparate impact claims.  Jackson v. Univ. of New Haven, 228 F. Supp. 2d 156, 162 (D. Conn. 2002) ("the disparate impact theory. . .is available only for claims brought pursuant to Title VII. . ."). To bring a claim under Title VII, the plaintiff must

have filed a complaint with the EEOC or a state equivalent—in this case, the New York State Division of Human Rights ("SDHR")—within 300 days of the complained-of acts. <u>See</u> 42 U.S.C. § 2000e–5; <u>Butts v. New York Dep't of Hous. Preservation & Dev.</u>, 990 F.2d 1397, 1401 (2d Cir. 1993).

Even if a plaintiff obtains an EEOC Right to Sue letter, a district court lacks jurisdiction to hear a claim under Title VII that is not "included in or reasonably related the EEOC charge." <u>Tamayo v. City of New York</u>, No. 02 Civ. 8030 (HB), 2004 WL 137198 (S.D.N.Y. Jan. 27, 2004); <u>Woodman v. WWOR-TV, Inc.</u>, 293 F. Supp. 2d 381, 389-90 (S.D.N.Y. 2003) ("Claims brought in a lawsuit must be included in the plaintiff's EEOC filing or be 'reasonably related' to those pursued.").

Courts have repeatedly held that disparate impact claims are not reasonably related to disparate treatment claims. <u>Id</u>. In <u>Woodman</u>, the court reasoned that the plaintiff's allegation that defendants intentionally discriminated against him based on his age was "substantively distinct from an allegation that Defendants promulgated neutral policies that had the effect of disadvantaging older employees." <u>Id</u>.

In this case, only two plaintiffs—Burgis and Burgos—have received Right to Sue letters from the EEOC.  Both of their EEOC complaints allege intentional discrimination against them as individuals.  Burgos' complaint does not even mention promotional practices.  Because plaintiffs' EEOC complaints

are not "reasonably related" to their new disparate impact claims, the court does not have jurisdiction to consider their disparate impact claims.

For the same reasons that plaintiffs' disparate treatment claims fail under § 1981, they fail under Title VII.

**F. Claims Against Commissioner Doherty**

Plaintiffs also assert claims against Commissioner Doherty in his individual capacity.

When damages are sought in a § 1983 action against a government official in his individual capacity, the defendant must be personally responsible for the alleged constitutional deprivation. Townsend v. Clemons, No. 12 Civ. 03434 (RJS), 2013 WL 818662, at *4 (S.D.N.Y. Jan. 30, 2013). "An individual cannot be held liable for damages under § 1983 merely because he held a high position of authority, but can be held liable if he was personally involved in the alleged deprivation." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 127 (2d Cir. 2004).

The complaint alleges no facts suggesting that Commissioner Doherty was personally involved in discriminatory promotion practices. The complaint's conclusory allegation that Commissioner Doherty knew the racial composition of the supervisory force did not reflect the composition of the sanitation workers is not sufficient. No facts are alleged from which it can be reasonably inferred that Commissioner Doherty created or allowed discriminatory

practices to continue.  See Townsend, 2013 WL 818662, at *5 (S.D.N.Y. Jan. 30, 2013).

### G. Motion to Strike

Since the complaint is being dismissed, the motion to strike sections need not be considered.

### State Law Claims

The court declines to exercise supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

### Conclusion

The court grants the motion to amend the complaint and grant defendants' motion to dismiss the second-amended complaint.  The court also declines to exercise supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  This opinion resolves the items listed at Doc. Nos. 4, 9, 12, and 16.

SO ORDERED.

Dated:  New York, New York
        March 31, 2014



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/14

Thomas P. Griesa
United States District Judge

17